Farrar v. Farrar.

*4. APPEAL: costs of preparing additional abstract.*

---

FARRAR v. FARRAR. ( *Two Cases* ).

Habeas Corpus: CUSTODY OF CHILD OF DIVORCED PARENTS: COMMITMENT TO STRANGER. The parties hereto had been divorced, and the contention was as to the right to the custody of their child of tender years. The evidence (see opinion) showed that the mother was not a fit person to have the custody of the child, and the court decreed that it should be placed in the custody of her brother. *Held* that this was error, as it did not affirmatively appear either that the brother was a proper person to be entrusted with the child, nor that the father was not such a person ; the rule being that a child should not be taken from its parents and committed to. another without an affirmative showing of the unfitness of the parents, and the fitness of such other person.

*Appeal from Mahaska District Court.*—HON. J. K. JOHNSON, Judge.

FILED, SEPTEMBER 7, 1888.

*John F. Lacey,* for appellant.

No appearance for appellee.

SEEVERS, C. J.—I. The plaintiff and defendant were married in 1880. The first action was commenced by the plaintiff in 1883, and is for a divorce and custody of a son, then about two years old. There is some evidence tending to show that a decree was granted in said action, but it never was entered of record, and if it had been there are doubts whether it would have been valid. The plaintiff, however, believed she was divorced, and went to Montana, where she married one Rogers, who has since deceased. She returned to this state in 1886, and brought her son with her. In 1886 the second action (of *habeas corpus*) was commenced, and the plaintiff therein sought to obtain the custody of his child, on the ground that the defendant in such action was not a suitable person to have charge of it. About the time the child was brought before the court it was discovered that no decree of divorce had been entered of record as of the time it should have been, which was about three years prior to that time. The *habeas corpus* proceeding was continued until the divorce case could be heard, and the sheriff was appointed custodian of the child. In February, 1887, the parties agreed that the decree of divorce should be entered of record, but that the case should be redocketed, and the question as to the custody of the child tried as if no decree of divorce had been rendered. The child was placed in the custody of the sheriff, and the *habeas corpus* proceeding taken under advisement until the determination of the proceeding in equity. It does not certainly appear, but we infer, that the parties then introduced the evidence found in the record in the two cases taken under advisement. In March, 1887, the appellant filed an affidavit, stating

that the appellee had absconded and taken with her said child, and moved the court to strike her evidence from the files, unless she produced the child and placed it in the custody of the sheriff. In June, 1887, the court entered a decree in the divorce proceeding, adjudging and decreeing that James Odgen should have the care and custody of said child, and that each party should pay one-half of the cost or expense of maintenance.

II. We are satisfied the appellee is not a proper person to have the care and custody of her child. It clearly appears that when the child was a nursing babe she went off and left it for ten days or more. Her excuse for so doing is that thereby she would force her husband to permit her child by a former husband to live with her. Of the merits of this dispute we are not advised, but the conduct of the appellee, we think, shows she had little love or affection for the child, and punished it for the fault, possibly, of her husband. No excuse whatever is given why she did not take it with her so as to give it the nourishment provided by nature. She obtained the custody of the child from the sheriff by a false pretense, and has taken it to some place unknown, and, having done this, she fails to appear and defend this appeal, but retains the custody of the child, which she obtained wrongfully, and in contempt of the order of the court, although it clearly appears by her own evidence that she is possessed of ample means to enable her to defend. There is other evidence in the record which tends to show the plaintiff is not a proper person to have the custody of the child.

III. There is no evidence in the record tending to show that James Odgen is a proper person to have the custody of the child. He testifies that he keeps a feed-stable, and that he is the brother of the appellee. The record does not disclose what, if any, efforts he has made to obtain custody of the child. From his relationship to the appellee, in the absence of any showing whatever, the inference may be indulged that he has made no such efforts, and will not do so. The result is that the order of the court will not prove effective, and

the child will remain in the custody of the appellee, who, we infer, the district court found, as we find, was an unsuitable person, and that the best interests of the child require it should be placed in the care of some one else. We cannot concur with the district court in placing the child in the custody of Odgen, for the reason that there is no evidence showing him to be a fit and proper person. Certainly, before the parents, or either of them, can be deprived of the custody of their minor children, it should quite satisfactorily appear that they are not, because of unfitness, entitled to such custody, and that the person to whom they may be awarded is a fit and proper person. This should not be left in doubt, but should affirmatively appear from the evidence introduced.

IV. The next question is whether the best interests of the child, under the peculiar circumstances, require that it should be committed to the custody of the appellant, its father. We are able, we think, to confidently say that it does not appear that he is an unsuitable person. He seems to have sufficient means, and has a home. He is about forty-six years old and unmarried. His mother lives with him, but she is upward of eighty years old. There is no evidence tending to show that appellant does not intend to maintain his home, and there is no evidence in the record tending to show that he does not love his child. But we think the contrary inference may be justly indulged. We are forced to the conclusion that the best interests of the child require that it should, for the present, be committed to the care and custody of the appellant. The judgment of the district court is reversed, and the cases remanded, with directions to enter a decree in the first above-entitled case in accordance with this opinion, or the appellant may have a decree in this court if he so elects.

REVERSED.