# MARTHA CHRISTINA TUTTLE v. OLE B. TUTTLE.

### (131 N. W. 460.)

**Appeal and Error — Divorce — Alimony.**

   1. The plaintiff was awarded a decree of divorce from the defendant on the ground of extreme cruelty, the custody of their four small children was given to the plaintiff, and permanent provision made for her from the property of the defendant. This court granted an application on the part of the plaintiff after an appeal by the defendant from the decree, for funds with which to maintain herself and children pending the determination of the appeal, and entered an order requiring him to pay her, for such purpose, certain sums at stated intervals. With this order he failed to comply, except to a small extent, and, on an order to show cause why he should not be punished for contempt by reason of his disobedience of the order of this court, he failed to purge himself of such contempt. The appeal and the order to show cause were argued together.

---

   Note.—Many divorce cases involve the making of false charges of adultery, but the decisions which have turned solely upon the question whether a false charge of adultery will justify the granting of a divorce are limited. It has been said that the general rule is that unfounded charges of adultery do not constitute such cruelty as to warrant the granting of a divorce, but this seems scarcely to be borne out by the cases, as shown by an extensive review thereof in a note in 18 L.R.A. (N.S.) 300. It is difficult to formulate any general rule from the cases, except that unfounded charges of adultery, if made with sufficient aggravation and persistency, are a ground for divorce, but what will be regarded as sufficient aggravation is largely dependent upon the form of the statute and its construction in the particular jurisdiction in which the question is presented. This question is also treated in a note in 65 Am. St. Rep. 80.

   The question of compelling payment of alimony by contempt proceedings, which is also involved in Tuttle v. Tuttle, is considered in a note in 24 L.R.A. 433, and inability to pay alimony, as defense to contempt proceedings for failure to pay, is the subject of a note in 30 L.R.A.(N.S.) 1001.

*Held,* that under the facts and circumstances of this case, this court will not review his appeal from that part of the decree relating to permanent maintenance of the wife and children.

### Divorce — Sufficiency of Evidence — Corroboration.

2. Provisions of § 4069, Rev. Code 1905, to the effect that no divorce can be granted upon the uncorroborated statement, admissions, or testimony of the parties, is intended to prevent collusion, and, following Clopton v. Clopton, 11 N. D. 212, 91 N. W. 46, it is held that where the facts and circumstances of a divorce case are such as to preclude any possibility of collusion, and the court is convinced from the facts, of the justice of the plaintiff's cause, only slight corroboration is necessary to sustain a decree in her favor.

### Divorce — Extreme Cruelty — Corroboration.

3. Certain testimony examined, and, *held,* that, irrespective of the forgoing rule, the testimony of the plaintiff as to the acts of the defendant is amply corroborated.

Opinion filed April 25, 1911.

Appeal from District Court, Traill county; *Pollock,* Judge.

Action by Martha Christina Tuttle against Ole B. Tuttle. Judgment for plaintiff, and defendant appeals.

Affirmed.

*F. W. Ames* and *Skulason & Burtness,* for appellant.

There must be corroboration. Kuhl v. Kuhl, 124 Cal. 57, 56 Pac. 629; Berry v. Berry, 145 Cal. 784, 79 Pac. 531; Ashburn v. Ashburn, 101 Mo. App. 365, 74 S. W. 394; Daeters v. Daeters, — N. J. Eq. —, 38 Atl. 950; Moak v. Moak, — N. J. Eq. —, 48 Atl. 394; Garcin v. Garcin, 62 N. J. Eq. 189, 50 Atl. 71.

Corroboration must be of the material allegations. Ortman v. Ortman, 92 Mich. 172, 52 N. W. 619; Potter v. Potter, 75 Iowa, 211, 39 N. W. 270; Grady v. Grady, — N. J. Eq. —, 64 Atl. 440; Gunther v. Gunther, — N. J. Eq. —, 57 Atl. 1015; Hunt v. Hunt, — N. J. Eq. —, 59 Atl. 642; Corder v. Corder, — N. J. Eq. —, 59 Atl. 309; Goodhues v. Goodhues, 90 Md. 292, 44 Atl. 990; Luther v. Luther, 87 Ill. App. 241; 14 Cyc. 688, 689; Hagle v. Hagle, 74 Cal. 608, 16 Pac. 518; Haley v. Haley, 67 Cal. 24, 7 Pac. 3.

Cruelty occasioned by abusive language and obscene habits is a relative term, and, while affording ground for divorce to one wife, would not to another. Knight v. Knight, 31 Iowa, 451; McAllister v. McAllister, 7 N. D. 324, 75 N. W. 256; Rindlaub v. Rindlaub, 19 N. D.

352, 125 N. W. 479; Watrous v. Watrous, 155 Mich. 78, 118 N. W. 725; Paden v. Paden, 28 Neb. 275, 44 N. W. 228; Hancock v. Hancock, 55 Fla. 680, 15 L.R.A.(N.S.) 670, 45 So. 1020; Shuster v. Shuster, 3 Neb. (Unof.) 610, 92 N. W. 203; Bennett v. Bennett, 24 Mich. 482; Bain v. Bain, 79 Neb. 711, 113 N. W. 141; 14 Cyc. 599.

The court cannot order conveyance of property by defendant, nor make a money judgment a specific lien on property. Glynn v. Glynn, 8 N. D. 233, 77 N. W. 594; 14 Cyc. 780; Doe v. Doe, 52 Hun, 405, 5 N. Y. Supp. 514; Calame v. Calame, 25 N. J. Eq. 548; Perkins v. Perkins, 16 Mich. 162; Donovan v. Donovan, 20 Wis. 587; Bacon v. Bacon, 43 Wis. 197; Moul v. Moul, 30 Wis. 203; Brenger v. Brenger, 142 Wis. 26, 26 L.R.A.(N.S.) 387, 135 Am. St. Rep. 1050, 125 N. W. 109, 19 A. & E. Ann. Cas. 1136; Cizek v. Cizek, 69 Neb. 797, 96 N. W. 657, 99 N. W. 28, 5 A. & E. Ann. Cas. 464; Washington v. Washington, 78 Neb. 741, 111 N. W. 787; Brotherton v. Brotherton, 14 Neb. 186, 15 N. W. 347; Swansen v. Swansen, 12 Neb. 210, 10 N. W. 713; Nygren v. Nygren, 42 Neb. 408, 60 N. W. 885; Ecker v. Ecker, 22 Okla. 873, 20 L.R.A.(N.S.) 421, 98 Pac. 918.

*Chas. A. Lyche,* for respondent.

Defendant's conduct towards plaintiff constituted cruel and inhuman treatment. Craig v. Craig, 129 Iowa, 192, 2 L.R.A.(N.S.) 669, 105 N. W. 446; Hooe v. Hooe, 122 Ky. 590, 5 L.R.A.(N.S.) 729, 92 S. W. 317, 13 A. & E. Ann. Cas. 214; Page v. Page, 43 Wash. 293, 6 L.R.A. (N.S.) 914, 117 Am. St. Rep. 1054, 86 Pac. 582; Mosher v. Mosher, 16 N. D. 269, 12 L.R.A.(N.S.) 820, 125 Am. St. Rep. 654, 113 N. W. 99; Bechtel v. Bechtel, 101 Minn. 511, 12 L.R.A.(N.S.) 1100, 112 N. W. 883.

Corroboration need not extend to all of plaintiff's testimony. Clopton v. Clopton, 11 N. D. 212, 91 N. W. 46; Andrews v. Andrews, 120 Cal. 184, 52 Pac. 298; Westphal v. Westphal, 81 Minn. 242, 83 N. W. 988; Lewis v. Lewis, 75 Iowa, 200, 39 N. W. 271.

Corroboration is to guard against collusion; where there is no collusion, the rule is less strict. Clopton v. Clopton, 11 N. D. 212, 91 N. W. 46; Baker v. Baker, 13 Cal. 88; Billings v. Billings, 11 Pick. 461; Jones v. Jones, 17 N. J. Eq. 351; Madge v. Madge, 42 Hun, 524; Smith v. Smith, 119 Cal. 183, 48 Pac. 730, 51 Pac. 183; Venzke v. Venzke, 94 Cal. 225, 29 Pac. 499; McAllister v. McAllister, 28 Wash.

613, 69 Pac. 119; Smith v. Smith, 119 Cal. 183, 48 Pac. 730, 51 Pac. 183.

Court can award specific property to support divorced wife and children. Greenleaf v. Greenleaf, 6 S. D. 348, 61 N. W. 42; Rev. Code, §§ 6724 and 6733; De Roche v. De Roche, 12 N. D. 17, 94 N. W. 767, 1 A. & E. Ann. Cas. 221; Hooper v. Hooper, 102 Wis. 598, 44 L.R.A. 725, 78 N. W. 753; Piatt v. Piatt, 9 Ohio, 37; Gallagher v. Fleury, 36 Ohio St. 590; Smith v. Smith, 45 Ala. 264; White v. Com. 110 Pa. 90, 1 Atl. 33; Herrick & D. Probate Law & Pr. p. 192; 18 Cyc. 373, 382.

The form and quantity of allowance was proper. De Roche v. De Roche, 12 N. D. 17, 94 N. W. 767, 1 A. & E. Ann. Cas. 221; Hooper v. Hooper, 102 Wis. 598, 44 L.R.A. 725, 78 N. W. 753.

SPALDING, J. This is an appeal from a decree of the district court of Traill county granting the respondent an absolute divorce from the appellant on the ground of extreme cruelty, and giving the custody and control of four small children, issue of the parties, to the respondent, and awarding to her permanent alimony. The parties were married in September, 1898, at Hillsboro, North Dakota, and resided for a number of years upon the appellant's farm near Mayville, but later they moved into the city of Mayville, and at the time of the trial resided there. The appellant was the owner of 960 acres of valuable land, which he had allowed to go to sale on a judgment for less then $360, and had then arranged with his brother to redeem it. The evident purpose of this was to place it beyond reach in case of the final separation of himself and wife, they having had trouble for some years. However, at the time of the trial, he had a deed of the premises from the brother to himself, which had not been recorded, and an attempt had been made to erase appellant's name as grantee therein. He also claimed to have disposed of all his personal property, valued at several thousand dollars, to his sons by a former marriage, and to have leased his land. The district court made the necessary orders to provide maintenance for the wife and children during the pendency of the litigation in that court. The circumstances were such that respondent made application to this court for an allowance pending the decision of the appeal, and her application resulted in an order being entered requiring the appellant to make certain payments within specified times. He went to the British possessions, and failed to make such payments, and, on being cited to

show cause why he should not be punished for contempt of this court by reason of his disobedience to its order, he attempted to show that it was impossible for him to raise the necessary funds. We are satisfied that a man who is the owner of valuable property situated as stated, and reasonably productive, and he himself in the full possession of his physical and mental faculties, could readily have secured the necessary funds, to comply with our order, and that he made no good-faith effort to do so; that, on the contrary, since the beginning of this litigation, he has done everything which his ingenuity suggested, to place his property beyond the reach of any process issued in the divorce proceeding, and to lay the foundation for an attempt to purge himself of contempt, if necessary. Appellant is not in position, in this court, to complain of the permanent allowance made by the final decree of the district court. He is in contempt, not innocently so, but purposely and studiously disobeying our order, leaving the wife and four small children unprovided for and with no means of sustenance, except possibly very trifling earnings of the wife and the charity of various acquaintances. We shall therefore decline to review the decree of the trial court as far as it relates to the permanent allowance. Other reasons for declining to investigate this allowance are suggested on argument, but, for some cause, do not appear in the record; hence they only lend moral support to our conclusion that no injustice is being done the appellant on this feature of the appeal. We refer to the statement which, as we understand, was not traversed, that the action of the trial court with reference to the property was pursuant to agreement of the parties.

We shall proceed to consider briefly the merits of the controversy. The record is long, and a specific review of the evidence would be without any value. A great number of acts of cruelty were testified to on the part of the plaintiff, and some of them sustained by the findings of the court. Some were admitted by the defendant. He, however, sought to destroy their effect by explanations which, in our judgment, failed to explain. Other instances of cruelty were denied, and, as to some, the testimony of the plaintiff was uncorroborated, and this lack of corroboration is the first error assigned. This feature can be disposed of by a single proposition. The statute (Rev. Code, § 4069) provides that "no divorce can be granted . . . upon the uncorroborated statement, admission, or testimony of the parties. . . ." And it is urged that, in an action where the testimony of the plaintiff is corroborated

as to only a part of the acts of cruelty, the rule is that she cannot prevail unless the corroborated acts are sufficient to justify a decree in her favor, regardless of her testimony as to uncorroborated acts of cruelty. Not all of the acts of which the respondent complained are corroborated. Some are fully corroborated, some are explained in a way, others are uncorroborated; and even though the corroboration is slight, if the acts testified to by her which are corroborated tend to show a cause for divorce, and the other acts are in harmony with those of which there is corroboration, that is, of a nature which the corroborated acts show he possessed the disposition to commit, it may with much reason be contended that all such acts are corroborated. In Clopton v. Clopton, 11 N. D. 212, 91 N. W. 46, this court fully considered the meaning of the section which we have quoted with reference to the necessity of corroboration. It was there held that the purpose of the statute must be inquired into in determining to what extent the testimony of the complaining party must be corroborated; that the object of the provision quoted is to prevent collusion, and that, where the whole case precludes any possibility of collusion, the corroboration need be very slight. In the case at bar we think the corroborated acts are sufficient to justify the decree entered by the trial court. The evidence, considered as a whole, show the coarse and brutal disposition of the appellant; that he had no appreciation of decency or propriety in his marital relations; that he was utterly lacking in the sense that is ordinarily found in male human beings of regard and care for the welfare and comfort of female members of their family. The corroborated evidence shows that he and his sons by a former marriage indulged in remarks about the plaintiff's condition when *enciente*, charging her with being made so by one of the hired men. They further joked about it among themselves in her presence. We have used the word "joke" in this connection, because that is the construction which he placed upon it. It may have been more serious than a joke, but the subject does not justify a public discussion even in a jocular manner, and would not be tolerated by any husband possessed of ordinary human instincts or of the slightest degree of decency. It is shown that this conduct inflicted upon her great mental suffering, and that it was frequently repeated in the presence of the respondent and of a large number of hired men and of appellant's children by a former marriage, and that when such children referred to the matter in the presence of appellant, in a laughingly, jeer-

manner, he did not reprimand them. The fact of the hired man being the father of the unborn child is negatived by evidence showing that he had come to this state too recently for it to have been possible. The court also found that, without cause or justifiable reason, the appellant had continuously subjected respondent to physical abuse, and had, by his treatment, inflicted upon her bodily injuries as well as mental suffering. Enough of this is corroborated to justify the conclusion of the learned trial court. The evidence also shows neglect of her at the time of confinement, and it was shown that he made an assault upon her in March, 1905, and pounded her until her arm was black and blue; and that she showed her arm to another person in his presence, and explained within his hearing how it occurred, and that he did not remonstrate or make denial. The evidence satisfies us of the truth of the allegations of the respondent and the correctness of the findings of the trial court and its decree in her favor. One other subject needs attention. As we have above shown, the order of this court making an allowance to her has been, in the main, ignored by appellant. The respondent will be allowed to make proof to the trial court of the amount unpaid upon such order, and the decree of that court will be amended to provide proper security for its payment by a lien upon a reasonable amount of his real property.

The decree of the District Court is affirmed.

Morgan, Ch. J., not participating.