(September 30, 1919.)

FLORENCE PIATT, Respondent, v. EDWARD I. PIATT, Appellant.

[184 Pac. 470.]

DIVORCE — EVIDENCE — CORROBORATION — CUSTODY AND SUPPORT OF CHILDREN.

1. Where a divorce is sought on the ground of extreme cruelty, causing grievous mental suffering, the evidence must be sufficient to satisfy the trial court that the party at fault has been guilty of

acts of cruelty which have caused grievous mental suffering° to the complaining party. The finding will not be disturbed unless the evidence in support thereof is so slight as to indicate a want of good judgment and an abuse of discretion by the trial court.

2. A confession or admission by the defendant in a divorce case, though admissible, is not corroborating evidence of the testimony of the plaintiff, but where from the whole record it is apparent that there is no collusion between the parties, slight evidence in corroboration of the plaintiff, aside from the admissions of the defendant, is all that is required.

3. In a divorce action the custody of the minor children of the marriage should be awarded to one of the parents, unless the court finds that both parents are either unfit or unable to properly care for the children.

4. In a divorce action, where there are minor children, and the parents are unfit or unable to properly care for them, the court must receive evidence as to the qualifications of a third person to whom it is proposed to award the custody of the children.

5. In a divorce action, the court has no power to require payment of funds for the support and maintenance of children of the marriage after they attain their majority.

[As to habits or course of conduct of spouse as cruelty warranting divorce, see note in **Ann. Cas.** 1918B, 480.]

APPEAL from the District Court of the Second Judicial District, for Clearwater County. Hon. Edgar C. Steele, Judge.

Action for divorce. Judgment for plaintiff. *Modified.*

Clay McNamee, for Appellant.

"In order to make cruelty a ground for divorce, it must be such conduct toward the plaintiff by the defendant as will cause him or her injury by actual personal violence, or the reasonable apprehension of it, or such course of treatment as endangers his or her life or health, and renders cohabitation unsafe." (Keezer on Marriage and Divorce, sec. 104, p. 58, and authorities cited in footnote; *De Cloedt v. De Cloedt,* 24 Ida. 277, 133 Pac. 664; *Barker v. Barker,* 25 Okl. 48, 105 Pac. 347, 26 L. R. A., N. S., 909.)

"Unless it is clearly shown that both the parties are unqualified, the court is not justified in awarding the custody of the children to a third person." (14 Cyc. 806; *Farrar v. Farrar,* 75 Iowa, 125, 39 N. W. 226; *Hopkins v. Hopkins,* 39 Wis. 167; *Lambert v. Lambert,* 16 Or. 485, 19 Pac. 459.)

"Where defendant is not apprised that an order would be asked for committing the custody of his son to the child's grandfather, who was not a party to the proceedings, such an order is unauthorized." (*Wood v. Wood,* 61 App. Div. 96, 70 N. Y. Supp. 72.)

"The award of the custody of children upon or after divorce is within the discretion of the court, to be exercised with due regard to the welfare of the children and the rights of the parties." (14 Cyc. 808; *Dickerson v. Dickerson,* 108 Cal. 351, 41 Pac. 475; *Luthe v. Luthe,* 12 Colo. 421, 21 Pac. 467; *Leach v. Leach,* 46 Kan. 724, 27 Pac. 131; *Bird v. Bird,* 28 Or. 582, 42 Pac. 616; *Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94.)

S. O. Tannahill, for Respondent.

The supreme court will not disturb a finding of the trial court that particular acts constitute grievous mental suffering, unless the evidence in support of such finding is so slight as to indicate a want of ordinary good judgment and an abuse of discretion on the part of the trial court. (*Little v. Little,* 29 Ida. 292, 158 Pac. 559; *Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94; *Hufton v. Hufton,* 25 Ida. 96, 136 Pac. 605; *Blair v. Blair,* 122 Cal. 57, 54 Pac. 369; *Andrews v. Andrews,* 120 Cal. 184, 52 Pac. 298; *Fleming v. Fleming,* 95 Cal. 430, 29 Am. St. 124, 30 Pac. 566.)

"The question as to the disposition of children and allowance of alimony in divorce actions is in the first instance committed to the discretion of the trial court." (*Donaldson v. Donaldson, supra.*)

RICE, J.—In this case respondent was granted a divorce from appellant upon the ground of extreme cruelty, and as

incidental relief was awarded the sum of $1,500, to be paid by appellant in full settlement of the property rights. The decree also required appellant to pay the sum of $30 per month for the support, care and maintenance of the two minor female children, issue of the marriage, payment of such sums to begin Oct. 1, 1918, and continue until each of said children shall arrive at the age of twenty-one years, or until the further order of the court. The care, custody and control of the children, age nine and seven years, respectively, was awarded to R. L. Blevins, their grandfather, father of respondent. The decree also contained certain directions which were to control the grandfather in the matter of the education of the children, and in exercising his right to their custody.

Appellant attacks certain findings and conclusions of the court on the ground that there was not sufficient evidence in the case to warrant the court in finding that respondent had suffered cruel or inhuman treatment from appellant. Respondent alleged in her complaint that the acts of cruelty complained of caused her to experience grievous mental suffering.

This assignment of error must be considered with reference to the following sections of our statute:

C. L., sec. 2649: "Extreme cruelty is the infliction of grievous bodily injury, or grievous mental suffering upon the other by one party to the marriage."

C. L., sec. 2661: "No divorce can be granted upon the default of the defendant, or upon the uncorroborated statement, admission or testimony of the parties. . . . . "

It is not necessary to summarize the testimony as it appears in the record. Suffice it to say that much of the testimony of respondent herself as to the specific acts of cruelty complained of is indirect. This is true also with reference to the effect of the acts complained of, that is, as to whether they caused her to experience grievous mental suffering. As to whether or not the conduct of appellant caused respondent grievous mental suffering must for the most part, on the record in this case, be inferred from the evidence.

There is but slight corroboration of respondent's testimony, either as to any specific acts of alleged cruelty, or as to their effect upon respondent. There was testimony as to certain admissions made by appellant to the effect that he had accused respondent of infidelity to him. The proof, however, of the admission of appellant is not corroboration within the meaning of the statute. Under the terms of the statute, a defendant's admission in court is not of itself corroborating testimony, and proof of his admission out of court is entitled to no greater weight than if the admissions were made directly in the proceedings. The purpose of the statute requiring corroboration is to protect the courts from collusion between the parties. (*Andrews v. Andrews,* 120 Cal. 184, 52 Pac. 298; *Blanchard v. Blanchard,* 10 Cal. App. 203, 101 Pac. 536; *MacDonald v. MacDonald,* 155 Cal. 665, 102 Pac. 927, 25 L. R. A., N. S., 45; *Tuttle v. Tuttle,* 21 N. D. 503, Ann. Cas. 1913B, 1, 131 N. W. 460.) Proof of the admission of defendant is properly received in evidence (*Baker v. Baker,* 13 Cal. 87), and where from the whole record it is apparent that there is no collusion between the parties, and proof is made of admissions of misconduct on the part of defendant, slight evidence in corroboration of plaintiff, aside from the admissions of defendant, is all that is required. (*Tuttle v. Tuttle, supra; MacDonald v. MacDonald, supra.*)

I think there is in the record some corroboration within the rule laid down in *De Cloedt v. De Cloedt,* 24 Ida. 277, 138 Pac. 664, and *Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94, and the cases above cited, and the evidence, though not as convincing as it is in many cases, is sufficient to warrant the trial court, who heard the evidence and observed the demeanor of the parties and the witnesses on the stand, in finding as a fact that appellant was guilty of acts of cruelty which caused respondent grievous mental suffering.

In such cases this court will not disturb the findings where it is not apparent that the evidence in support thereof is so slight as to indicate a want of ordinary good judgment and an abuse of discretion by the trial court. (*De Cloedt v. De*

*Cloedt, supra; Donaldson v. Donaldson, supra; MacDonald v. MacDonald, supra.*)

Appellant assigns as error that portion of the decree awarding the custody of the children to R. L. Blevins, their grandfather.

C. L., sec. 2663, reads as follows:

"In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

While this statute is very broad in its terms, we think the discretion thereby conferred upon the trial court must be exercised with due regard, both to the well-being of the children of the marriage and the rights of the parents. The right of a parent to the care, custody and control of his child is a natural right, and is recognized by our statutes. C. L., sec. 2699a, being one of the sections of the statute contained in the chapter entitled "Parent and Child," is as follows:

"The father and mother of a legitimate unmarried minor child are equally entitled to its custody, services and earnings. If either the father or mother be dead or be unable or refuse to take the custody or has abandoned his or her family, the other is entitled to the child's custody, services and earnings."

It is sometimes said that the welfare of the child is the only matter for consideration in making an order for its custody, but we think this expression is only qualifiedly true. The welfare of the child is perhaps of paramount importance, but it is not the only matter to be considered in determining to whom the custody of the child should be given. (*Norval v. Zinsmaster*, 57 Neb. 158, 73 Am. St. 500, 77 N. W. 373.) In a divorce action, the custody of the children should be awarded to one or both of the parents, unless it be affirmatively shown that both parents are unfit to have such care or custody, or that they are unable to properly maintain them and provide for their proper training and education. Ordinarily, poverty of a parent is not a sufficient reason for

depriving him of the custody of his child. In the case of *Barnes v. Long,* 54 Or. 548, 21 Ann. Cas. 465, 104 Pac. 296, 25 L. R. A., N. S., 172, it is said: "Of course, the court in the interest of the child may take it from the parents and make other provisions for it, but there must be some good cause for so doing." (See, also, *Clarke v. Lyon,* 82 Neb. 625, 118 N. W. 472, 20 L. R. A., N. S., 171; *Morin v. Morin,* 66 Wash. 312, 119 Pac. 745, 37 L. R. A., N. S., 585; *Farrar v. Farrar,* 75 Iowa, 125, 39 N. W. 226; *Fitch v. Cornell,* 1 Saw. 156, at p. 169, Fed. Cas. No. 4834.)

Some of the cases above cited were *habeas corpus* proceedings, but the principles laid down should govern the action of courts in awarding the custody of children in divorce proceedings.

In this case the court found that R. L. Blevins, grandfather of the said minor children, is a "fit and proper person to have the care, custody and control of the said minor children, Marie Piatt and Edna Piatt, and that it is to the best interest of the said minor children that their custody, care and control be awarded to said R. L. Blevins." There is no other finding on which the decree awarding the custody of the children is based.

In our opinion, this finding of the court is not sufficient to justify a decree awarding the custody of the children to their grandfather. In addition to this finding, the court must, before making such an order, also find as a fact, based upon sufficient evidence, that the parents are unfit persons to have the custody and control of the children, or on account of the circumstances surrounding them they are unable to give proper care, nurture and training to the minor children.

It is to be noted in this case, also, that although the court found that R. L. Blevins was a fit and proper person to have the care and custody of the children, no evidence whatever is contained in the record upon which the finding was based. Before the court is justified in taking the children from the parents, and awarding them to a third person, not only must it find that the parents are unfit or unable to properly care for the children, but the fitness of the person to whom it is

proposed to grant their custody and care must be the subject of inquiry in the action, founded upon proper pleadings, in order that either parent may introduce evidence, if any he has, touching the qualifications, or otherwise, of such person for the execution of his trust. Although parents may be unfit or unable to care for their own children, they may still have an interest in their welfare, and the environment in which they may be placed, and they have a right to be heard before the final award is made. It is their right that the children shall be placed in such a home, and surrounded by such influences, that they shall not be unnecessarily estranged from their parents, but, on the contrary, that the parents shall receive all the regard and respect of their children which it is possible for them to obtain under such unfortunate circumstances. (*Farrar v. Farrar, supra.*)

Appellant also specifies as error the action of the court in awarding alimony to the wife and providing for the payment of $30 per month for the maintenance of the children until they are twenty-one years of age.

From an examination of the record, we are not prepared to say that the court abused its discretion in the matter of adjusting the property rights between appellant and respondent; but in the matter of providing maintenance for the children, the power of the court ends upon their attaining their majority. (*Fitch v. Cornell,* 1 Saw. at p. 169, Fed. Cas. No. 4834; Peck on Domestic Relations, p. 240.) Under our statutes, females attain their majority at eighteen years of age. (C. L., sec. 2601.)

The judgment of the court below awarding respondent a decree of divorce from appellant, and settling the property rights, is affirmed. That portion of the decree awarding the custody of the minor children to R. L. Blevins is reversed, and the cause remanded with directions to the trial court to take further proceedings in accordance with the views herein expressed, and the order relative to the payments required of appellant for the support of the children may be modified in the discretion of the court to correspond

with its order for their disposition. Costs awarded to respondent.

Budge, J., concurs.

MORGAN, C. J., Dissenting.—I am in accord with the rules of law announced in the foregoing opinion, but am unable, by a very thorough search of the record, to find any evidence corroborating the testimony of respondent, nor any testimony which amounts to proof of an admission by appellant that he accused respondent of infidelity to him. The judgment of the trial court should be reversed because it is based upon the uncorroborated testimony of respondent, which testimony is insufficient when measured by the provision of C. L., sec. 2661, quoted in the majority opinion.