298 P.2d 745

Floyd J. WHITTAKER and Mrs. Floyd J. Whittaker, his wife, Plaintiffs-Respondents,

v.

John KAUER and Fern Kauer, his wife, and Rodney H. Tobias, Defendants-Appellants.

No. 8363.

Supreme Court of Idaho.

June 11, 1956.

E. H. Casterlin, Pocatello, Fred H. Snook, Salmon, for appellants.

A. A. Merrill, Idaho Falls, for respondents.

SMITH, Justice.

Rodney ·H. Tobias, shown as an appellant, is a water master against whom respondents took nothing; therefore, reference herein to appellants refers to appellants Kauer and wife.

Respondents brought this action to quiet in themselves the title to two separate groups of springs and waters arising therefrom. One group is known as the West Springs from which arise approximately 80 miners inches of water and to which this appeal is limited; reference herein to springs, refers to the West Springs. The trial court by its judgment quieted title in respondents to the 80 inches of the waters of West Springs. Appellants perfected an appeal from such judgment, and have furnished a clerk's transcript in support of their assignments of error urged on the appeal; they have not furnished a reporter's transcript of the testimony taken at the trial of the action.

The West Springs arise in and upon the NE¼ of the NE¼ of Section 31, Township 16 North, Range 25 E.B.M., in Lemhi County in and upon lands belonging to respondents. The springs are situate immediately west of the channel and in the drainage area of the Left Fork of Lee Creek, which flows northerly through the described land.

Respondents by their complaint, supplemented by a bill of particulars, assert that for more than 40 years last past they and their predecessors have owned, been in possession of and used said waters; they also allege adverse use of the water during said time; also that the water arising from the springs is "private water owned by the plaintiffs."

Appellants by their answer denied that respondents were the owners in possession and using said water, and admit that they, appellants, claim the right to the use of said water. Appellants' answer includes their cross-complaint whereby they allege the entry of a decree July 1, 1912 (hereinafter called the July 1, 1912 decree), in the Lemhi County District Court, in the case of John B. Reddington, Cora Reddington and Julia E. Reddington, plaintiffs, v. Grant Bohannon, Gus Mulkey and James R. Schoonover, defendants, which adjudicated the waters of Lee Creek. The decree made awards as follows:

To the Reddingtons, the total of 540 inches of water out of Lee Creek with priorities May 12, 1883 to May 1, 1906, *for use upon lands* North and below West Springs, *now owned by* appellants *Kauers;*

To James R. Schoonover not exceeding 30 inches of water 'that may be found flowing in said Left Fork below the diversion point of defendant Grant Bohannon, at the place where the said diversion is made at the time of this decree, located in the SE¼ of the NE¼ of Section 31, of said Township [16 North] and Range [25 E.B. M.] and said right shall apply only after the appropriations of the defendants A. R. Mulkey and Grant Bohannon, hereinafter mentioned, shall first be supplied, and shall apply to all waters arising in said stream below the said diversion,' with priority of May 12, 1883, *for use upon lands* North and below the West Springs, *now owned by* appellants *Kauers.*

To Grant Bohannon 120 inches of water out of the Left Fork with priority of May 12, 1883, to be diverted at a point in the SE¼ of the NE¼ of Section 31, for use on lands lying east of the Left Fork and now owned by respondents Whittaker.

To Augusta R. Mulkey 200 inches of water out of the Left Fork with priority of May 12, 1883, for use on lands now owned by John and Rosalie Whittaker.

Appellants assert that the waters from the West Springs flowed into the Left Fork of Lee Creek and thereby became a part of the public waters of that stream, subject to the July 1, 1912 decree adjudicating the waters thereof; also, that respondents must be held to the theory of their pleadings, i. e., that the waters of the springs are private waters, whereas appellants by their cross-complaint allege that the same are public waters.

Appellants assert that the trial court committed error in quieting title in respondents to the 80 miners inches of the waters of the West Springs, asserting the absence of any finding of fact to support such a decree; also committed error in failing to dispose of the material issue presented by the pleadings, by proper findings, conclusions and decree, i. e., whether the said waters are private waters or public waters.

The trial court found that in the year 1932, respondents entered into an oral contract with appellants' predecessors (and other interested parties), to whom water had been decreed by the July 1, 1912 decree, whereby the point of diversion of waters of the Left Fork of Lee Creek, decreed to and used upon lands, including the lands now occupied by appellants, situate northerly and below all of respondents' lands, was changed from a point situate on the main channel of Lee Creek to a point situate on the Left Fork thereof near the Southwest corner of Section 31, Township 16 North, Range 25 E.B.M., which point of diversion is situate about one and one-fourth miles southwesterly and above the West Springs; and whereby, in consideration of a grant by John Whittaker, father of respondent Floyd Whittaker, of a right of way for a ditch over certain of the John Whittaker lands (over Lots 4 and 3 and SE¼ of the NE¼, Sec. 31, Twp. 16 N., R. 25 E.B.M.) through which to convey from such point of diversion on the

Left Fork, to the Right Fork of Lee Creek the said decreed waters. The other parties, including appellants' predecessors, permitted respondents to remove a flume which had been used continuously since some time prior to the entry of the July 1, 1912 decree to transmit the waters of the West Springs across the Left Fork at a point situate in the described quarter section where the springs are situate, and to substitute in place of said flume an earthen dam where the flume theretofore had been, *thereby to capture all waters found flowing in the creek at that place.*

The court further found that pursuant to said contract the dam was constructed, maintained and used by respondents at all times since 1932 continuously and without interruption until the year 1954 when, at appellants' instance, the water master cut the dam, which allowed the waters to flow down the channel but nevertheless into a diversion ditch of respondents situate some 650 feet below and northeasterly from said dam.

The court further found that pursuant to such contract the ditch referred to was constructed in and upon the right of way granted therefor over the aforementioned John Whittaker lands and that the ditch has been used continuously by appellants' predecessors and by appellants (and other interested parties) ever since the year 1932, without interference, for the conveyance of said decreed waters from the Left Fork to the Right Fork, and then down to

and through the main channel of Lee Creek, to the lands now owned by appellants, to which the waters were decreed by the July 1, 1912 decree, excepting the waters decreed to James R. Schoonover by the July 1, 1912 decree.

This Court may regard the trial court's memorandum opinion for the purpose of better understanding the findings. Union Sugar Co. v. Hollister Estate Co., 3 Cal.2d 740, 47 P.2d 273; Buckhantz v. R. G. Hamilton & Co., 71 Cal.App.2d 777, 163 P.2d 756; Noble v. Kertz & Sons Feed & Fuel Co., 72 Cal.App.2d 153, 164 P.2d 257. Such memorandum opinion sets forth matters indicative of the public classification of the waters of the West Springs, but the trial court did not make a finding thereon. If the fact that said waters are public in character, will not affect the judgment of the trial court, then the failure so to find constitutes harmless and not reversible error. Pleasants v. Henry, 36 Idaho 728, 213 P. 565; McMillan v. McMillan, 42 Idaho 270, 245 P. 98; Koser v. Bohemian Breweries, 69 Idaho 33, 202 P. 2d 398; Cazier v. Economy Cash Stores, 71 Idaho 178, 228 P.2d 436.

The findings of the trial court, hereinbefore referred to, show that the waters of the West Springs have been used by respondents' predecessors and by respondents continuously since some time prior to the entry of the July 1, 1912 decree; also that commencing with the year 1932, pursuant to and upon consummation of the contract referred to, the predecessors of appellants allowed respondents to capture all the waters of the Left Fork found flowing in the Creek at the place where, pursuant to the contract respondents constructed said dam below appellants' newly designated upstream point of diversion, and such waters so captured by respondents included the waters of the West Springs.

The conclusion is inescapable also, that appellants' predecessors had knowledge of respondents' use of the waters of the West Springs, inasmuch as appellants' predecessors consented to the damming of the Left Fork by respondents at the place where, since prior to or about the year 1912, the flume had conveyed the waters of the springs across the Left Fork; also that, beginning with the year 1932 and continuously ever since for some 22 years, until during the year 1954, appellants' predecessors knew that respondents, without interruption or molestation, had used the waters of the springs pursuant to the status which resulted upon consummation of the contract which the trial court set out in its findings.

Under the facts and circumstances as related, respondents' right to the use of the waters of the West Springs, though they be public waters, must be held to have been abandoned by appellants' predecessors; St. John Irrigating Co. v. Danforth, 50 Idaho 513, 298 P. 365; Chill v.

Jarvis, 50 Idaho 531, 298 P. 373; Graham v. Leek, 65 Idaho 279, 144 P.2d 475; and such right must be held to have been acquired by respondents by appropriation and application to beneficial use. I.C. § 42–101; I.C. § 42–103; Jones v. McIntire, 60 Idaho 338, 91 P.2d 373; Maher v. Gentry, 67 Idaho 559, 186 P.2d 870. A finding, if made by the trial court, that the waters of the West Springs are public waters, would not change such result nor affect the trial court's decree.

Appellants by their further assignment assert that respondents must be held to the theory of their case, i. e., that the waters of the West Springs are private waters. While respondents allege as one of their theories, or in effect by one count of their complaint, that the waters of the West Springs are private waters, nevertheless they additionally allege their unqualified possession, ownership and use of said waters by their predecessors and by them for more than 40 years last past. Respondents' last mentioned theory is in harmony with the findings and decree of the trial court which in effect quiets title in respondents to the beneficial use of the 80 miners inches of the waters of the West Springs.

The judgment of the trial court is affirmed. Costs to respondents.

TAYLOR, C. J., KEETON and ANDERSON, JJ., and BAKER, District Judge, concur.