(May 26, 1920.)

AGNES FEHR and IDA HARBERT, Copartners, Doing
   Business as the NEEDLECRAFT SHOP, Appellants, v.
   C. L. HAWORTH, Administrator of the Estate of
   EMMA J. HAWORTH, C. L. HAWORTH and FAY D.
   YOUNG, Respondents.

[190 Pac. 248.]

TRIAL—FINDINGS—FRAUD.

   1. The findings of the trial court should specifically set forth
the ultimate facts found in response to the issues presented by
the pleadings.

   2. Findings of fact are to be liberally construed in support
of the judgment.

   3. Fraud is not presumed, and an allegation thereof must be
sustained by evidence reasonably clear and convincing.

APPEAL from the District Court of the Third Judicial
District, for Ada County. Hon. Carl A. Davis, Judge.

Action for rescission of contract. Judgment for defend-
ants. *Affirmed.*

Barber & Davison, for Appellants.

The court should have found on the question of the value
of the merchandise; the condition of the trade; as to its
being prosperous or otherwise; the question as to whether or
not plaintiffs were skilled or schooled in the business in-
volved; upon the question as to whether or not defendants
made the alleged representations; as to whether they were
relied on by plaintiffs; and as to whether or not such re-
liance was an inducing cause of the purchase. (*Berlin Ma-
chine Works v. Dehlbom Lumber Co.*, 29 Ida. 494, 160 Pac.
746, and cases cited.)

It is true that in the record there is an effort to cover
the field by a general finding that all the allegations of the
complaint are untrue and all the denials and allegations of

the answer true. Findings of this character have been held vicious. (*Sterrett v. Sweeney,* 15 Ida. 416, 128 Am. St. 68, 98 Pac. 418, 20 L. R. A., N. S., 963; *Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490, and other cases cited.)

From the evidence in this cause the court is justified in setting aside the decision of the court below. (*Stone v. Moody,* 41 Wash. 680, 84 Pac. 617, 85 Pac. 346, 5 L. R. A., N. S., 799.)

P. E. Cavaney and W. C. Dunbar, for Respondents.

It is inexpedient upon the grounds of public policy that an instrument, known at the time to have been executed for the very purpose of embodying and evidencing the agreements and accomplishing the purpose of the parties, should be set aside upon the ground of fraud unless the proof be clear and strong. (*McCall v. Bushnell,* 41 Minn. 37, 42 N. W. 545; *Johnson v. Rogers,* 112 Ala. 576, 20 So. 929.)

The fraud in a case like the one at bar must be established "beyond controversy" or by "the clearest and most satisfactory evidence," or "to the entire satisfaction of the court." (*Mayberry v. Nichol* (Tenn.), 39 S. W. 881.)

Findings of the trial court, supported by the evidence, will not be disturbed on appeal. (*Papesh v. Weber,* 27 Ida. 557, 149 Pac. 1064; *Smith v. Faris-Kesl Const. Co.,* 27 Ida. 407, 150 Pac. 25; *Fife v. Village of Glenns Ferry,* 26 Ida. 763, 146 Pac. 467.)

The findings of the lower court on questions of fact are conclusive on the reviewing court. (*Cameron Lumber Co. v. Stack-Gibbs Lumber Co.,* 26 Ida. 626, 144 Pac. 1114; *Jensen v. Bumgarner,* 28 Ida. 706, 156 Pac. 114.)

The judgment of the trial court will not be disturbed because of conflict in the evidence if there is sufficient proof to sustain it. (*Darry v. Cox,* 28 Ida. 519, 155 Pac. 660.)

RICE, J.—This is an action to rescind a certain contract of sale of the goods and business comprising what was known as the Needlecraft Shop. Appellants allege that they were induced to enter into the contract by reason of certain false

and fraudulent representations on the part of respondent C. L. Haworth and his intestate.

Appellants specify as error the failure of the court to find upon all the material issues presented by the pleadings. The findings of the court are defective, in that they consist largely of inferences and conclusions of fact rather than specific findings of fact. Findings of fact are to be liberally construed in support of the judgment, especially in the absence of request made to the trial court to make its findings more definite and certain. (*Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94; *Fouch v. Bates,* 18 Ida. 374, 110 Pac. 265.) After carefully examining the findings in this case, we conclude that they meet the material issues presented by the pleadings and are sufficient to sustain the judgment.

The principal contention of appellants is thus stated in their brief: "That the evidence is insufficient to sustain the findings and judgment of the court; and affirmatively shows, on the other hand, that the findings and judgment should be in favor of plaintiffs."

Upon these questions the evidence has been examined and found to be sufficient to justify the findings of the trial court. We do not think any good purpose would be served by setting forth an analysis of the evidence in this case. Fraud is not presumed, and an allegation thereof must be sustained by evidence reasonably clear and convincing.

The judgment is affirmed. Costs awarded to respondents.

Morgan, C. J., and Budge, J., concur.