UNIVERSAL CREDIT CO. v. DEARBORN UNIVERSAL
UNDERWRITERS CREDIT CORP.

1. CORPORATIONS—CONFUSION OF NAMES.
Whether names of corporations are so similar as to be confusing
and deceptive depends upon application of principles to perti-
nent facts of each particular case (Act No. 327, § 6, Pub.
Acts 1931).

2. SAME—CONFUSION OF NAMES—"UNIVERSAL"—INJUNCTION.
Corporations doing automobile finance business under name of
"Universal Credit Company" are entitled to injunction re-
straining defendants, who sought to engage in same field of
business some 14 years later with offices in same building as
plaintiffs, from using the word "universal" as part of cor-
porate name and from using the abbreviation "U. C. C."
which by use in plaintiffs' business had come to denote the
full name (Act No. 327, § 6, Pub. Acts 1931).

3. SAME—CONFUSION OF NAMES—DOING BUSINESS.
Fact that defendant corporation had not actually commenced
doing business in same field of business in the same building
would not preclude issuance of injunction against use of term
in name that was the same as that which had been used there-
tofore by plaintiffs and their predecessors for about 14 years
and which name had been used in extensive advertising pro-
grams, where the probability of confusion is apparent (Act
No. 327, § 6, Pub. Acts 1931).

4. SAME—CONFUSION OF NAMES—INJUNCTION.
Actual confusion in the use of names by corporations need not
be shown to entitle one of them to an injunction, it being suffi-
cient that confusion is probable or likely to occur (Act No.
327, § 6, Pub. Acts 1931).

5. SAME—NAMES—APPROVAL OF CORPORATION AND SECURITIES COM-
MISSION.
While the fact that the State corporation and securities commis-
sion had "accepted, approved and filed" the articles of incor-

poration of defendant corporation whose name contained a term which was the dominant term in name under which plaintiff corporations had done business would be a matter for consideration in suit to enjoin the use of such term, it is not controlling, hence, judicial review is not barred (Act No. 327, §§ 5, 6, Pub. Acts 1931; Act No. 13, Pub. Acts 1935).

6. SAME—CONFUSION OF NAMES—"UNIVERSAL."

The use of the term "universal," which had been used for 14 years as the first word in the name of plaintiff corporations engaged in the business of automobile finance or automobile insurance and which had been an established and quite dominant part of such name, by defendant corporation as a part of its name is enjoined where such use would obviously lead to confusion as latter corporation was to engage in business in same field and have offices in same building as plaintiffs, whether or not it is a mere "geographical adjective" (Act No. 327, § 6, Pub. Acts 1931).

7. SAME—NAMES—FIRMS IN OTHER STATES.

The fact that corporations in five other States in the same field of business enterprise as plaintiffs have the word "universal" as a part of their corporate names would not preclude plaintiffs from having injunctive relief against defendant corporation using such term in its name where it proposes to do same kind of business as plaintiffs and have offices in same building as plaintiffs and it does not appear that such other corporations have ever done, or are licensed to do, business in this State (Act No. 327, § 6, Pub. Acts 1931).

8. SAME—CONFUSION OF NAMES—UNLIKE BUSINESSES—INJUNCTION.

The fact that other corporations in this State engaged in types of business wholly unlike that of plaintiff corporations yet had the word "universal" as a part of the firm or corporate name would not bar plaintiffs from injunctive relief against use of such term in name of defendant corporation proposing to engage in same type of business as plaintiffs with offices in the same building (Act No. 327, § 6, Pub. Acts 1931).

9. TRADE MARKS AND TRADE NAMES—INFRINGEMENT—UNFAIR COMPETITION.

Since unfair competition does not necessarily involve the question of the exclusive right of another to the use of a name, symbol, or device, it is distinguishable from the infringement of a trade mark.

10. Same—Injunction—Parties—Corporations.

Corporate incorporator and sole stockholder of recently-formed corporation which bore the term ''universal'' in its corporate name was a proper party defendant in plaintiff corporations' suit to enjoin the use of such term by another corporation engaged in the same type of business.

11. Corporations—Confusion of Names—Construction of Decree.

In suit by ''Universal Credit Company'' and other affiliated foreign corporations using the term ''universal'' in their corporate name and engaged in conducting automobile finance business against domestic corporation entitled ''Dearborn Universal Underwriters Credit Corporation,'' its corporate owner, and individual who controlled it, decree is construed as enjoining use of term ''universal'' in name of corporation engaged in either the automobile finance or automobile insurance business where insurance of type involved is a part of each transaction incident to financing automobile conditional sales contracts, but not the term ''Dearborn'' (Act No. 327, § 6, Pub. Acts 1931).

Appeal from Wayne; Murphy (George B.), J. Submitted June 13, 1944. (Docket No. 2, Calendar No. 42,547.) Decided October 11, 1944. Rehearing denied December 1, 1944.

Bill by Universal Credit Company, a Delaware corporation, and other corporations against Dearborn Universal Underwriters Credit Corporation, a Michigan corporation, and others to restrain the use of the corporate name or the use of the word ''Universal'' in the corporate name. Decree for plaintiff. Defendants appeal. Affirmed.

*Butzel, Eaman, Long, Gust & Bills (Frank D. Eaman* and *David A. Howell,* of counsel), for plaintiff.

*Wurzer, Higgins, Sweeney & Starrs (John T. Higgins* and *Robert E. Sweeney,* of counsel), for defendants.

NORTH, C. J. Plaintiffs by their bill of complaint seek to have defendants restrained, among other things, from using the corporate name "Dearborn Universal Underwriters Credit Corporation," and especially from using the word "Universal" as a part of a corporate name. Such relief is prayed on the ground that the quoted corporate name or the use by defendants of the word "Universal" in a corporate name would result in unfair competition by defendants with plaintiff companies. Also that it would be in violation of Act No. 327, § 6, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 10135–6, Stat. Ann. § 21.6), which forbids the use of a corporate name so similar to the name of another corporation existing or doing business in Michigan as to be likely to mislead the public or to result in confusion or deception. The suit was brought on for hearing on the merits, and at the conclusion of plaintiffs' testimony, the defendants made a motion to dismiss the bill of complaint. This motion was denied. Thereupon defendants rested without offering further proof, and the decree granting plaintiffs relief followed. Defendants have appealed.

Each case of this type must be decided in the light of the pertinent facts disclosed by the proofs in that case. *Metal Craft Co.* v. *Metalcraft Heater Corp.,* 255 Mich. 642. In the main such facts in the instant case may be outlined as follows.

Plaintiff "Universal Credit Corporation" was organized in 1928. It is a Delaware corporation authorized to do business in Michigan. It is a holding company and owns all of the stock in plaintiff "Universal Credit Company," which is also a Delaware corporation authorized to do business in Michigan, and it is qualified to do business in each of the other States of the United States, except Indiana, New

York, and California. The holding company also owns all the stock of three separate corporations named "Universal Credit Company," respectively organized under the laws of Indiana, New York, and California. Further, the holding company owns the stock of the plaintiff "Universal Dealers Company," a Delaware corporation authorized to do business in Michigan. Plaintiff Commercial Investment Trust Corporation, incorporated in Delaware in 1924, purchased from the Ford Motor Company in 1933 all the stock in the Universal Credit Corporation. The Commercial Investment Trust Corporation for some years carried on an automobile finance business through subsidiary corporations, each incorporated under the name "C. I. T. Corporation." But prior to this litigation and in September, 1942, these companies by change of corporate name respectively began to operate and continued to operate for some time as "Universal Credit Company." The corporate charters of these companies are still retained although the business formerly transacted has been transferred to the plaintiff Universal C. I. T. Credit Corporation. Each of the foregoing companies was incorporated and was doing business in Michigan prior to the incorporation of the defendant "Dearborn Universal Underwriters Credit Corporation," which was incorporated in Michigan in October, 1942.

It is sufficient to note as to the business in which they are engaged that the associated plaintiff corporations obtain and furnish capital to automobile dealers and to purchasers of automobiles, and discount commercial paper incident to such transactions. Their business, which is nation wide, requires on a large scale automobile insurance, both casualty and fire. For many years prior to the commencement of this suit defendant David F. Brod-

erick had been associated with plaintiffs' business, and particularly had charge of the insurance phase of their transactions covering loss by fire. For carrying on this business Broderick organized under Delaware law the "D. F. Broderick, Incorporated." Under the same name he caused to be organized a corporation in Michigan, one in California, and one in New York. The business of defendant Broderick and of his Michigan corporation was carried on through its central office located in an office building known as the United Artists Building, 154 Bagley avenue, Detroit. This was the same building in which the affiliated plaintiff corporations principally carried on their business. The relationship above noted between defendant Broderick and his corporations with the affiliated plaintiff companies continued from 1933, or earlier, until 1942. This relationship fully terminated June 30, 1942, although as to new business it ceased December 31, 1941.

The large volume of business transacted by plaintiff companies prior to the incorporation on October 13, 1942, of the defendant Dearborn Universal Underwriters Credit Corporation may be implied from the following. The aggregate balances to be paid on automobile paper purchased by plaintiff Universal Credit Corporation in the year 1941 for the entire United States was $233,000,000, and for the State of Michigan $21,000,000. And for the 5-year period of 1937 to 1941, inclusive, the average amount of such paper so purchased annually in the United States was in excess of $180,000,000, and for the State of Michigan in excess of $15,000,000. It is also to be noted that during this period of 1937 to 1941 the group of plaintiff companies which operated under the name "Universal Credit Company" annually spent approximately $25,000 for advertising. And there is testimony tending to show that from

1936 to 1941, inclusive, plaintiffs expended for advertising of various types nearly half a million dollars. In some of this advertising the abbreviation "U.C.C." was used to designate Universal Credit Company. The plaintiff companies operating as "Universal Credit Company" in their transactions with automobile dealers furnished forms to be used by purchasers of automobiles for applications for loans and forms for the conditional sales on contracts. Each individual purchaser of an automobile received a true copy of his purchase contract. On each of the forms of application for loans and on each of the conditional sales contracts there was conspicuously printed at the head thereof "Universal Credit Company," and in the body of each instrument the name "Universal Credit Company" was used. It was even provided that the place of making instalment payments on conditional sales contracts was "at the office of Universal Credit Company" and further that the "customer acknowledges notice of intended sale of this contract to the Universal Credit Company (hereinafter called holder)."

It is interesting and somewhat important to note the inception of the use of the quite dominating word "Universal" in the corporate names of the associated companies. We quote from appellants' brief:

"The Universal Credit Corporation, a Delaware corporation, was organized in 1928 as a wholly-owned subsidiary of Ford Motor Company. The several subsidiary Universal Credit Companies were organized at or subsequent to that time. The name 'Universal' was used because in 1928 the Ford car was known and advertised as the 'Universal Car.'

"Universal Credit Corporation, a Delaware corporation, was organized by Ford Motor Company to put it in competitive position as to finance plans for

dealers and customers with General Motors Corporation, * * * and with Chrysler Corporation (which had like financing facilities), * * * so as to afford finance plans to their respective dealers and customers."

In 1933, Ford's "Universal Credit Corporation," by purchase of its stock, was taken over by the plaintiff, Commercial Investment Trust Corporation; and thereafter, for quite obvious reasons, the word "Universal" was used as the initial word in the corporate name of each of the associated plaintiff companies, except the Commercial Investment Trust Corporation which had been organized in 1924 under the laws of Delaware. Plaintiff companies annually finance a large number of contract purchases of Ford automobiles.

Prior to the severance of his relations with the business of plaintiff corporations, defendant Broderick had been carrying on his business through corporations in the corporate names of which the word "Universal" was not used. But very shortly after relations were severed with plaintiff companies and on October 13, 1942, defendant Broderick organized under Michigan law the "Dearborn Universal Underwriters Credit Corporation." The stock in this corporation is held by the defendant D. F. Broderick, Incorporated (a Delaware corporation), of which latter company defendant David F. Broderick is in control and said to be the sole owner. The corporate powers of the defendant Dearborn Universal Underwriters Credit Corporation are amply broad enough to permit it to engage in the automobile finance business in competition with plaintiffs. The corporate name sought to be used by this defendant is the same as one of the plaintiffs with the addition of "Dearborn" and "Underwriters." This attempted adoption of a similar

corporate name, especially using the word "Universal" in connection with "Credit," is plainly indicative of a studied attempt on the part of defendants to indulge in unfair competition with plaintiffs and to appropriate the good will of their established business. As noted above, the business of defendants is carried on in the same office building in Detroit as that in which plaintiffs for years have had local business offices. The business of the defendant corporations is in the same field as that of plaintiff corporations. For years preceding the organization by Broderick of the Dearborn Universal Underwriters Credit Corporation he had been intimately associated with the business of plaintiff corporations in the same field in which Broderick proposes to carry on. Under the facts hereinbefore noted it is well established that plaintiffs are entitled to have defendants restrained from using the word "Universal" as part of a corporate name, and from using the abbreviation "U.C.C.," which by use in plaintiffs' business has come to denote "Universal Credit Company" or "Universal Credit Corporation." We arrive at this conclusion notwithstanding various reasons urged by appellants in opposition thereto, among which are the following.

Appellants urge that there is no showing of *actual* confusion or deception. However "Actual confusion need not be shown, but it is sufficient that confusion is probable or likely to occur. 66 A. L. R. 972." *Metal Craft Co.* v. *Metalcraft Heater Corp., supra.* Further such a showing was quite impossible because defendant Dearborn Universal Underwriters Credit Corporation never commenced doing business. It was not incorporated until October 13, 1942. Plaintiffs promptly protested. The bill of complaint herein was filed less than two months after the incorporation, and the hearing was con-

cluded February 19, 1943. But we are satisfied from this record that "the probability of confusion is apparent," as was said in the case last above cited.

Also appellants somewhat stress the fact that the Michigan corporation and securities commission in October, 1942, "accepted, approved and filed" the articles of incorporation* of the defendant Dearborn Universal Underwriters Credit Corporation. Such fact or circumstance is a matter for consideration in a case of this character, but it is by no means necessarily controlling. Otherwise judicial review would be barred. *Young & Chaffee Furniture Co.* v. *Chaffee Brothers Furniture Co.*, 204 Mich. 293.

In support of their claim that none of plaintiffs have proven "a special right in a 'secondary meaning' of the word 'Universal' " as part of a corporate name in the business of automobile finance or automobile insurance, appellants further urge that the word "Universal" is merely a "geographical adjective" and not capable of exclusive appropriation as a trade name. We cannot agree that as an established and quite dominant part of a corporate name its possessor is not entitled to enjoin its similar use by another when, as in the instant case, such use will obviously lead to confusion or deception. While not conclusive of plaintiff's right to injunctive relief in the instant case, it may be here noted that if, as appellants assert, the word "Universal" has no particular significance in the business of automobile financing but instead is only a "geographical adjective," surely appellants are not materially injured by the decree forbidding such use by appellants.

* See Act No. 327, § 5, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 10135–5, Stat. Ann. § 21.5); Act No. 13, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 9769–1 *et seq.*, Stat. Ann. § 19.781 *et seq.*).—REPORTER.

As against plaintiffs' claim to injunctive relief, defendants point out that this record discloses there are in at least five other States corporations in the same field of enterprise each of which has the word "Universal" as a part of its corporate name. It is not clear in the record as to whether or not such corporate names were in use by these other companies prior to plaintiffs' similar use of the word "Universal." Nor does it appear what the relative legal rights to such use by the various parties would be determined to be if such rights were litigated. There is no claim that any of such other corporations have ever done business in Michigan or that they are licensed to do business in this State. The circumstances just above noted as to corporations in other States using "Universal" as a part of their corporate names is not controlling as to plaintiffs' right in the instant case to injunctive relief under the law of this State which provides:

"No corporation shall assume any name which is likely to mislead the public, or any name already in use by any other existing corporation of this State, or corporation lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception." Act No. 327, § 6, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 10135-6, Stat. Ann. § 21.6).

Nor are plaintiffs barred of relief under the record in this case by reason of the fact that other companies in Michigan engaged in types of business wholly unlike that of plaintiffs' use "Universal" as a part of a firm or corporate name.

"Unfair competition is distinguishable from the infringement of a trade-mark in this: that it does not involve necessarily the question of the exclusive right of another to the use of the name, symbol, or

device." *G. W. Cole Co.* v. *American Cement & Oil Co.,* 65 C. C. A. 105 (130 Fed. 703).

Under the circumstances of this case, there is no merit to appellants' contention that D. F. Broderick, Incorporated, is not a necessary or proper party defendant. This company was the corporate incorporator of defendant Dearborn Universal Underwriters Credit Corporation and is its sole stockholder. See *Terminal Barber Shops, Inc.,* v. *Zoberg* (C. C. A.), 28 Fed. (2d) 807.

Appellants further urge that "the language of the decree in this case (is) so general in nature as to deprive defendants, or some of them, of a judicial determination by trial whether future unspecified acts are in fact likely to unlawfully divest plaintiffs of their alleged but unspecified legal rights." The portion of the decree which gives rise to this contention reads:

"Defendants  *  *  *  are  *  *  *  enjoined from using or causing to be used the name 'Dearborn Universal Underwriters Credit Corporation' or any counterpart thereof, (and) from using or causing to be used any name, designation, or abbreviation which employs or utilizes the word 'universal,' the letters 'UCC,' or any part, simulation, or imitation of the corporate names of plaintiffs herein in connection with the automobile finance business or the insurance of automobiles purchased or which have been purchased on the instalment plan."

Appellants assert the decree is too broad and indefinite in that it enjoins them from using the word "Universal" as a part of the corporate name or in the business of a company engaged in the *automobile insurance* business, whereas plaintiffs neither alleged nor offered testimony that any of them is engaged in that field of endeavor. We think the decree is not too broad in this respect because this record

fairly discloses that insurance of the type involved is almost of necessity a part of each transaction incident to financing automobile conditional sales contracts. Further no good reason appears for defendants' attempted use of the word "Universal," and the record fairly discloses that such use would lead to unlawful appropriation by defendants of good will which has been created by and belongs to the affiliated plaintiff companies.

Nor do we find that a fair reading of the decree enjoins defendants from using the word "Dearborn" in their business as part of a corporate name or otherwise. At the argument in this Court plaintiffs' counsel stated that no such claim is made by plaintiffs. At the opening of the trial in the circuit court plaintiffs' counsel stated: "There is quite a little in the answer and return about the name 'Dearborn.' We have no point about the name 'Dearborn.'" Under this record it cannot be contended that the decree entered enjoins defendants or any of them from using the word "Dearborn" in connection with their business.

From the foregoing it is apparent that appellants' motion to dismiss was properly denied by the circuit judge. Other contentions are presented in appellants' brief, but after carefully considering them we are of the opinion that they do not materially bear upon decision herein and are therefore not reviewed in this opinion. The decree entered in the circuit court is affirmed, with costs to appellees.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.