228 P.2d 436

CAZIER v. ECONOMY CASH STORES, Inc.

No. 7604.

Supreme Court of Idaho.

Feb. 27, 1951.

S. T. Lowe, Burley, H. V. Creason, Rupert, for appellant.

A. H. Nielson, Burley, for respondent.

**THOMAS, Justice.**

Respondent, (plaintiff below), instituted an action against the appellant, (defendant below), to enjoin and restrain the defendant from carrying on business in Burley, Cassia County, Idaho, under the name and style of Economy Cash Stores, Inc., because of the alleged deceptive and confusingly similarity of the trade name of the plaintiff, Economy Grocery, and the corporate name of the defendant, Economy Cash Stores, Inc.

The respondent has been engaged in the grocery and meat business in Burley, Idaho, under the name of Economy Grocery, for more than eighteen years prior to the institution of the action. The appellant, an Idaho corporation, was incorporated under the laws of Idaho on May 29, 1948, and commenced business in Burley, Cassia County, Idaho, on June 5, 1948, and has since been engaged in the meat and grocery business in Burley, Idaho. The two places of business are located within three blocks of each other, and each has a trading area reaching into the outlying districts and towns.

Soon after the appellant commenced to do business in Burley, respondent protested to the use of its corporate name, because of the deceptive and confusing similarity to the trade name of respondent. Appellant ignored the protest and respondent, within less than two months after appellant commenced business in Burley, that is, on July 27, 1948, filed the present action, and the matter came on for trial without a jury on April 13, 1949.

The respondent has enjoyed a substantial patronage and a successful business under the trade name of Economy Grocery. In the year 1948 the total volume of business of respondent approached $138,000, and was approximately the same in the year 1947; there was a marked decline in the business of respondent during the first three months of 1949, just preceding the trial.

The evidence adduced during the course of the trial reveals that the respondent, after the appellant had commenced its business, experienced difficulty in receiving his merchandise; shipments which were ordered by and billed to the respondent were, on many occasions, delivered to the appellant; on occasions, merchandise ordered by appellant was received by respondent; telephone calls intended for appellant were received by respondent; on at least one occasion a telegram directed to respondent

was received by appellant; that prior to the time appellant opened its place of business the respondent had experienced no difficulty whatever in receiving any merchandise which he had ordered.

On occasions people came to the store of the respondent, in response to newspaper or radio advertisements of appellant, to make purchases, thinking that the advertisements which they had either read or heard were those of the respondent. An incident of this nature happened a few days before the trial commenced. Each party received letters which were intended for the other party. The bookkeeping burden for the respondent, due to these instances of confusion, increased to such an extent that it became necessary for respondent to double-check every order of goods received.

A number of people talked to respondent about his ownership of both stores, and thought that respondent did own them both. Quite often customers made purchases at the place of business of respondent, and proceeded to write a check in payment for the merchandise, payable to appellant. In more than eighteen years of operation of business by respondent in Burley under his trade name, he never had any of these difficulties until after the appellant opened its place of business.

In the main, the testimony of the officers and employees of the appellant corroborated the testimony of the respondent with reference to the incidents of confusion above related. As to such other instances they were either uncertain or without any knowledge concerning the incidents. The record is without any substantial dispute as to the facts.

The court, sitting without a jury, made its findings of fact and conclusions of law, and entered judgment enjoining and restraining appellant from doing business under the name of Economy Cash Stores, Inc., or any name in colorable imitation thereof, in Burley, Cassia County, Idaho, or from using a name of which the word "Economy" was a part, or from advertising under such name in the trade area, and requiring the appellant to remove from its name at Burley, Idaho, the word "Economy". The appeal is from the ensuing judgment for the respondent.

The law of trade marks, trade names and form of advertisement are all branches of the general law of unfair competition, and while differing to some extent, necessarily rest upon the same general principle. Bernstein v. Friedman, 62 Wyo. 16, 160 P.2d 227; Nims on Unfair Competition, p. 387.

It is uniformly held that where a person adopts a term, originally geographical, descriptive, or a proper name, as the name of his business, and through his efforts and expenditures develops a reputation and good will for the business or its products, a secondary significance attaches to such name, subject to ownership, which entitles it to protection against unfair

competition in a court of equity. American Home Benefit Ass'n, Inc., v. United American Benefit Ass'n, Inc., 63 Idaho 754, 125 P.2d 1010.

With this basic background we will now consider the assignments of error.

The appellant has assigned as error the failure of the court to find that the business of respondent suffered by appellant's use of its corporate name; that the court failed to find that the public would be imposed upon by appellant's use of its corporate name; that the court failed to find that the appellant had attempted or was attempting to palm off its goods as those of respondent; that the court failed to find that the trade name of the respondent had acquired a secondary meaning; that the court failed to find that the appellant was engaged in unfair competition with respondent; that a finding of confusion alone is not sufficient to support a judgment for injunctive relief.

This court has consistently held that the trial court must find on all the material issues tendered by the pleadings and where it fails to so find, the cause should be reversed and the case remanded with instructions to the lower court to make specific findings upon such material issues. Cheesbrough v. Jensen, 62 Idaho 255, 109 P.2d 889. Appellant urges the application of this basic rule, contending that the findings are silent on each issue set forth and enumerated in the preceding paragraph.

The lower court found that the plaintiff sustained the material allegations of his complaint; that the plaintiff had, since the month of December, 1930, carried on and conducted a meat and grocery business under the firm name and style of Economy Grocery at Burley, Cassia County, Idaho; that the defendant commenced to do business in Burley, Cassia County, Idaho, on or about June 5, 1948 and had never, previous to such time, engaged in business in the trade area surrounding Burley, Cassia County, Idaho; the court further found that the names under which both parties were carrying on and conducting their respective businesses in Burley, Cassia County, Idaho, "are confusingly and deceptively similar and are sufficiently similar to cause confusion and have, in fact, as shown by the evidence, caused confusion in the business operations of the plaintiff and defendant"; the court further found that because of the plaintiff's prior appropriation and actual, prior and continual use of the name Economy Grocery for so many years, plaintiff was entitled to enjoin and restrain the defendant from using the word "Economy" in its business operations at Burley, Cassia County, Idaho.

The appellant made no request to the court below to make specific findings on any of the issues which are assigned as error on appeal. It is a well settled rule in this jurisdiction that before the aggrieved party may raise the question of the failure of the trial court to find on an issue,

he must call the matter to the attention of the trial court either by requested finding, a motion, or otherwise, and where he fails to do so, the error, if any is committed, is waived. Koser v. Bohemian Breweries, Inc., 69 Idaho 33, 202 P.2d 398; Naccarato v. Village of Priest River, 68 Idaho 368, 195 P.2d 370; Nelson v. Altizer, 65 Idaho 428, 144 P.2d 1009; Reid v. Keator, 55 Idaho 172, 39 P.2d 926.

While the trial court's findings must cover the material issues necessary to support a judgment, moreover the failure to find on all the issues of the case will not result in the reversal of a judgment if the findings made by the trial court are not consistent with the theory advanced by the appellant or presented by his pleadings, and such findings made, standing alone, are sufficient to support the judgment entered. Where the findings made are inconsistent with the allegations and theory of appellant's case, it will be presumed that if findings had been made thereon, such findings would have been adverse to appellant. Koser v. Bohemian Breweries, Inc., supra, and cases cited therein.

All reasonable inferences drawn by the trial court where it is a trier of the facts, from the evidence adduced, will be sustained on appeal. Smith v. University of Idaho, 67 Idaho 22, 170 P.2d 404. On appeal this court is entitled to draw the necessary inferences from the trial court's express findings in order to support the judgment. Boas v. Bank of America Nat. Trust & Savings Ass'n, 51 Cal.App.2d 592, 125 P.2d 620. Furthermore, findings of fact are to be liberally construed in favor of the judgment, especially in the absence of a request made to the trial court to make its findings more definite and certain. Fehn v. Haworth, 33 Idaho 96, 190 P. 248. While such a request in the instant case would probably have been appropriate it was not made; if a liberal construction of the findings made by the lower court justifies the conclusions drawn and supports the judgment entered, it will not be disturbed.

The appellant assigns as error the failure of the court to find that the business of respondent suffered by appellant's use of its corporate name. It is not necessary, to support an injunction restraining one from using the same or deceptively similar name to that of the first trader, that the first trader show damage to himself in an action predicated upon unfair competition. This principle is well set forth in the case of Bernstein v. Friedman, 62 Wyo. 16, 160 P.2d 227, at page 234, from which we quote as follows: "Counsel for the defendant argues that no injunction should have been issued because of the fact that the plaintiff has not shown any damage. That, doubtless, is the requisite in some instances, but the cases seem to be clear that it is not necessary to show actual damages in cases like that before us. Of course, some deception or confusion must result from the acts of a defendant, but actual damages need not be shown. It is said in 43 C.J.S., Injunctions, § 22, p. 440,

that: 'However, there is an obvious distinction between injury and damage that is not always observed in dealing with the question of injunctive relief, and courts of equity will interpose in a proper case to protect a right, without any reference to the question of actual damage.' In 52 Am. Jur. 619, it is stated that is it not 'necessary in order to enjoin the unlawful use of a trade-mark or trade name, to show actual damage.' A number of cases are cited which sustain the text. A good discussion of the question is found in the case of Bagby & Rivers Co. v. Rivers, 87 Md. 400, 40 A. 171, 40 L.R.A. 632, 67 Am. St.Rep. 357. In 63 C.J. 560, 561, it is said that an injunction would be granted against threatened infringement or unfair competition even in advance of any actual loss. Numerous cases are cited. And see the reasons well stated in Lanahan v. John Kissel & Son, C.C., 135 F. 899, 903. It must be apparent that in a case such as before us, it would be ordinarily difficult to prove actual damages, and a plaintiff would be substantially remediless, if he could not be protected by an injunction except where actual damages in dollars and cents were shown."

This rule is not without reason, as is so clearly stated in the case of Lanahan v. John Kissel & Son, C.C., 135 F. 899, at page 903, as follows: "The object of injunctive relief is to prevent injury, threatened and probable to result, unless interrupted. Why should a person be required to stand by and see his property impaired, before he may stay the hand of the person seeking to offend? Actual injury may be the best evidence of its own existence, but a person should not be compelled to abide the results of trespass for the purpose of obtaining evidence of its injurious effects. Wrongs which are the probable result of given means should be prevented, not awaited. The infringement of the trade-mark implies injury."

In the case of Diamond Drill Contracting Co. v. International Diamond Drill Contracting Co., 106 Wash. 72, 179 P. 120, at page 126, it is set forth in the dissenting opinion, in answer to the contention of the appellant that the respondent had failed to show injury by the appropriation of its name so as to entitle it to the injunctive relief sought, as follows: "It may be that the evidence does not disclose that there has been a great deal of confusion in the affairs of respondent by reason of the appellant's use of the name, but it is not necessary that there should be such a showing in order for respondent to maintain its right to its trade name. It is sufficient to show that probable injury would result if it is shown that actual interference has taken place; that is sufficient injury to entitle it to an injunction."

The appellant assigns as error the failure of the court to find that the public would be imposed upon by the appellant's use of its corporate name. It is not necessary to show that the public would be imposed upon, if it is made to appear by the evidence that respondent's business will

suffer from the use by a subsequent trader of a trade name deceptively and confusingly similar to that of the name of the first trader.

In the case of American Home Benefit Ass'n, Inc., v. United American Benefit Ass'n, Inc., supra, this court cited with approval the statement made in the case of Starr v. Hotelling, 168 Or. 207, 122 P.2d 432, at pages 433, 434, as follows: "The controlling principle in cases wherein it is charged that a name used by one party is in conflict with a name used by another is that, in order to justify relief such as sought in the instant case, the circumstances must be such that it appears that the business of complainant will suffer from a deceptive use of its name, or that, by reason of such deceptive use of complainant's name, the public will be imposed upon." [63 Idaho 754, 125 P.2d 1014.] * * *

■ Error is also assigned for failure of the court to find that appellant had attempted or was attempting to palm off its goods as those of the respondent. It is not necessary to make such a finding in order to give injunctive relief. In Nims on Unfair Competition, 3rd Ed. Sec. 4a, p. 23, he refers to the palming off, or "passing off" doctrine or term, as characteristic of the most familiar, if not the most typical, cases of unfair competition. However, he makes it clear that it is no longer necessary to prove either actual or attempted palming off of the goods of one as that of another, when he states: "That this action has ex-

panded in recent years cannot be doubted. It is no longer true that there is no cause of action unless passing off is present. Passing off is but one of various practices that are actionable as unfair competition. The growth has been gradual but constant. At the outset, actual passing off was enjoined. Later, although no actual passing off was proven, injunctions were issued against acts that might result in passing off if, continued. Later still, acts were enjoined which injured the plaintiff even though no passing off was present or threatened. Such a case was Asso. Press v. International News Service where no passing off of defendant's goods as those of the plaintiff was shown. In this case the injury was rather the sale of plaintiff's goods as defendant's."

Nims Unfair Competition, 3rd Ed., Sec. 9a, p. 36.

■ ■ Where there is no showing in the record of palming off, its absence does not undermine the finding of unfair competition. Champion Spark Plug Company v. Sanders, 331 U.S. 125, 67 S.Ct. 1136, 91 L. Ed. 1386.

■ A further assignment of error of the appellant is to the effect that confusion alone will not justify the granting of injunctive relief. Confusion is a question of fact. 220 Bagley Corporation v. Julius Freud Land Co., 317 Mich. 470, 27 N.W.2d 59; Universal Credit Co., v. Dearborn Universal Underwriters Credit Corp., 309 Mich. 608, 16 N.W.2d 91; National Shoe

Corporation v. National Shoe Mfg. Co., Inc., 302 Mass. 449, 19 N.E.2d 734; Bernstein v. Friedman, supra; see also 18 C.J.S., Corporations, 173, page 575; 63 C.J. Sec. 112, p. 414. A showing of confusion, present or probable, is sufficient to justify injunctive relief where a trade name has acquired a secondary meaning. In the case of American Home Benefit Ass'n, Inc., v. United American Benefit Ass'n, supra, this court held that it is not necessary that the complainant show specific instances where confusion has arisen and that it is not necessary to prove actual confusion, or deception, or both, as a basis of injunctive relief; it is sufficient to show probable confusion or that the use of a deceptively similar name is likely to lead to confusion. This court in so holding cited from 63 C.J., pp. 396 and 397, as follows: " * * * in order to make out a case of unfair competition, it is not necessary to show that any person has been actually deceived by defendants' conduct and led to purchase his goods in the belief that they are the goods of plaintiff or to deal with defendant thinking he was dealing with plaintiff; it is sufficient to show that such deception will be the natural and probable result of defendant's acts."

The lower court in the instant case did expressly find actual confusion, fortified by a finding that there was deception in the use of the corporate name of the appellant. In the case of Foss v. Culbertson, 17 Wash.2d 610, 136 P.2d 711, the court there stated that a person, whether it be individual or corporate, may not use a name which is the distinctive feature of a trade name which is already in use by another, if such use would tend to confuse in the public mind, the business of such person with that of another.

Again, in the case of American Home Benefit Ass'n v. United American Benefit Ass'n, Inc., supra, this court stated: "It is only necessary to show actual or probable confusion of goods as a result of defendant's use of particular terms or symbols; * * * The cases are very numerous where relief has been afforded upon the ground of unfair competition against a deceptive use of generic or descriptive names and marks, personal, geographical, corporate, and other names, none of which are capable of exclusive appropriation as technical trademarks."

The court below specifically and expressly found that the corporate name of the appellant was sufficiently similar to the trade name of the respondent as to produce deception and confusion, and that the similarity did, in fact, produce such deception and confusion and caused confusion in the business operations of both parties. This is a specific finding by the trial court and is supported by competent evidence. Similarity between the two names, as the court found and the evidence supports, caused deception and confusion and brought about actual interference.

The respondent acted promptly in an effort to protect his trade name; very

shortly after the appellant commenced business the respondent protested to appellant's use of its corporate name; this was ignored, and within less than two months after the appellant commenced business in Burley, Idaho, the respondent brought the present action. The time elapsing between the filing of the complaint and trial of the cause afforded a limited period for confusion and deception to arise. However, it was not necessary for respondent to await for the abundance of evidence of confusion and deception or until his business had suffered materially before seeking equitable relief. Evidence of actual confusion and deception on the part of customers is not readily available, often difficult to secure and is not always necessary where the similarity of names in itself suggests confusion. Gehl v. Hebe Co., 7 Cir., 276 F. 271.

We will now consider appellant's further assignments of error: The failure of the court to find that the trade name of respondent had acquired a secondary meaning, and also the failure to find that the appellant was engaged in unfair competition with respondent. It is contended by the appellant that the question of whether or not the name of respondent had acquired a secondary meaning was one of fact, as was also the question of whether or not the appellant was engaged in unfair competition with respondent, and that, unless there was a finding that the trade name of the respondent had acquired a secondary meaning, and also a finding that the appellant was engaged in unfair competition with respondent (both material issues), the conclusion drawn and the decree entered are without support.

What constitutes secondary meaning of a trade name is a question of fact. 52 Am.Jur. 557, Sec. 77; 150 A.L.R. 1082. The court did find that respondent had used his trade name in the particular area since the month of September, 1930, and that the appellant had used its corporate name in the same trade area since June 5, 1948. Where a party uses a trade name for a long time it is evidence, though not conclusive, of the secondary meaning of the term. Bernstein v. Friedman, supra; see also 150 A.L.R. 1087, at page 1089. The court, by implication, at least, made a finding that the respondent's trade name had acquired a secondary meaning. National Shoe Corporation v. National Shoe Mfg. Co., Inc., supra.

The appellant contends that the court erred in failing to make a finding that there was unfair competition on the part of appellant. Unfair competition is ordinarily a question of fact. Foss v. Culbertson, supra; Merager v. Turnbull, 2 Wash.2d 711, 99 P.2d 434, 127 A.L.R. 1142; Olympia Brewing Co. v. Northwest Brewing Co., 178 Wash. 533, 35 P.2d 104; Benioff v. Benioff, 64 Cal.App. 745, 222 P. 835; Boice v. Stevenson, 66 Ariz. 308, 187 P.2d 648. The court held in the case of Benioff v. Benioff, supra, that deceiving and confusing the public to the detriment of the

complainant by using the same or a confusingly similar name to that of the complainant constituted unfair competition. The court below in the instant case did find that the names under which both parties were carrying on and conducting their businesses at Burley, Idaho, are confusingly and deceptively similar to such an extent that they did, in fact, cause confusion in the business operations of both parties. This court, in the case of American Home Benefit Ass'n, Inc., v. United American Benefit Ass'n, Inc., supra, made this pertinent statement as to what constitutes unfair competition. " 'Owing to the nature of the goods dealt in, or the common use of the terms which are publici juris, some confusion and damage may be inevitable, but anything done which unnecessarily increases this confusion and damage to the established trader constitutes unfair competition. The unnecessary imitation or adoption of a confusing name, label, or dress of goods constitutes unfair competition. Where there is no reason for using a particular name other than to trade upon another's good will, such use of the name constitutes unfair competition and will be enjoined'."

Drawing all reasonable inferences from the findings made by the lower court and giving such findings a liberal construction favorable to the judgment entered, the findings made are sufficiently broad and comprehensive to constitute a finding that the respondent's trade name had acquired a secondary meaning and that the appellant engaged in unfair competition with respondent through the adoption and use of a confusingly and deceptively similar name, which caused confusion in the business operations of both parties. Smith v. University of Idaho, supra; Boas v. Bank of America Nat. Trust & Savings Ass'n, supra; Fehr v. Haworth, supra. These material findings are sufficient, standing alone, to support a judgment for injunctive relief.

The appellant further urges that the court erred in entering an injunction which is too broad and which goes beyond the issues, and which is indefinite and uncertain. The injunction itself operates to enjoin and restrain the appellant from doing business under the name of Economy Cash Store, or a name in colorable imitation of Economy Cash Store, not in colorable imitation of the trade name of the appellant, Economy Grocery, or from conducting or carrying on its business by using a name in which the word "Economy" is a part thereof, within the County of Cassia, State of Idaho, or from advertising in any manner in this particular territory under the name of Economy Cash Store, or from soliciting business under said name, or under a name in colorable imitation of its own name. The scope of the injunctive relief is too broad. The respondent's right to use the particular trade name is based upon the doctrine of secondary meaning, and he can insist only that no one use it in an unfair way; he can obtain no greater relief than is necessary to enjoin a second

192

user from using the name in a deceptive way. In other words, the appellant, the second user, may only be enjoined and restrained to the extent necessary to prevent unfair competition. If deception and confusion can be prevented without enjoining the second user from employing his full trade name, that should be done. In this instance, the decree enjoined the appellant from using its own name, or any name in colorable imitation of its own name, rather than any colorable imitation of the name of the respondent. Even though the decree had enjoined the use by the appellant of its own name, or any name in colorable imitation of the name of respondent, that, in itself, would have been too broad in scope. 52 Am.Jur. Secs. 80 and 81, pp. 559, 560; Sec. 171, p. 642; Champion Spark Plug Co., v. Sanders, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386.

The appellant should not be enjoined in the use of its corporate name to any greater extent than is necessary to eliminate any unfair competition.

Other assignments of error by appellant do not present any further questions not considered and disposed of herein.

The judgment is modified to permanently prohibit, restrain and enjoin appellant from using the word "Economy" in any name under which it shall do business in Burley, Cassia County, Idaho, or in any of the surrounding trade area, and, as so modified, is affirmed. Costs to respondent.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.