973 P.2d 156

**Nikkie MILLER, Plaintiff–Appellant,**

v.

**RIRIE JOINT SCHOOL DISTRICT NO. 252; L. Dean Birch, Superintendent, Ririe Joint School District No. 252, in his official capacity; Ririe Joint School District No. 252 Board of Trustees; Board Members Jim Lovell, Lynette Miller, Clyde Cook, Blair Moncur and George Newby, in their official capacities; Scott W. Marotz, Law Offices of McGrath, Marotz & Smith, an unincorporated association; Gary L. Cooper, and The Law Offices of Racine, Olson, Nye, Cooper & Budge,Chartered, an unincorporated association,Defendant–Respondents.**

No. 24159.

Supreme Court of Idaho,
Idaho Falls, October 1998 Term.

Feb. 16, 1999.

**386**

John E. Rumel, Boise, for appellant.

Marotz Law Office, Idaho Falls, for respondent. Scott W. Marotz argued.

SCHROEDER, Justice

Nikkie Miller (Miller) is appealing the denial of attorney fees by the district court after she obtained an injunction preventing attorneys from representing the administration of the Ririe School District No. 252 (School District) in discharge proceedings against her before the Board of Directors of the School District (Board). Miller claimed attorney fees under The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, as the prevailing party in an action brought pursuant to 42 U.S.C. § 1983.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

In a prior action [1] (*Miller I*) Miller sought to enjoin members of the Board from hearing discharge proceedings brought against her on the basis that they were biased. In the present action she sought to enjoin the School District's customary attorneys from participating in the discharge proceedings on the basis that they had represented the Board members in *Miller I*. The district court granted the injunction but denied Miller attorney fees.

At the time Miller filed her complaint in *Miller I*, she was an employee of the School District. She had been employed by the School District since 1974—the first sixteen years as a teacher and the last six as an elementary school principal. The law firms of McGrath, Marotz & Smith and Olson, Nye, Cooper & Budge, Chartered (School District Attorneys) advised Superintendent L. Dean Birch (Superintendent) concerning an employment action contemplated against Miller. At a Board meeting held on October 14, 1996, the Board accepted a recommendation from the Superintendent to place Miller on probation. On November 27, 1996, the Board placed Miller on administrative leave with pay and initiated discharge proceedings against her based upon the Superintendent's recommendation. At both the October 14, 1996, and November 27, 1996, Board meetings, one of the School District Attorneys, Scott Marotz (Marotz), the Superintendent, and the individual Board members met in executive session regarding the adverse employment action contemplated against Miller. Marotz advised the Superintendent, the Board and the individual Board members concerning the discharge proceedings contemplated and eventually initiated against Miller. After the Board placed Miller on administrative leave and initiated discharge proceedings against her, Marotz continued to advise both the Superintendent and the Board concerning the adverse employment action taken against Miller. Miller sought an injunction against the Board and the individual Board members from hearing the discharge proceedings, alleging that the Board and its individual members were actually or probably biased, lacked impartiality and prejudged the issues in violation of her federal and state due process rights. (*Miller I*). The district court temporarily enjoined the Board and its individual members from participating in the discharge proceedings. Marotz appeared as the attorney for the Board and its members during the proceedings on Miller's application for a temporary

1. *Miller v. Board of Trustees,* 132 Idaho 244, 970 P.2d 512 (1998) (*Miller I* or bias action).

restraining order. The district court ultimately disqualified two Board members but allowed the remaining three to sit as decision makers at Miller's discharge hearing.

Miller inquired whether the School District Attorneys intended to represent the School District, and specifically the Superintendent, in the discharge proceedings before the Board. The School District Attorneys replied that they did intend to provide such representation. Miller initiated the present action by filing a complaint requesting injunctive relief, alleging that such representation would violate her due process rights because the School District Attorneys had represented the Board in the bias action. The district court granted Miller's motion and entered its order granting permanent injunctive relief and judgment, enjoining the School District from utilizing the School District Attorneys in the discharge hearing.

Miller filed an application seeking an award of attorney fees in the amount of $5,083.50 and costs in the amount of $159.50 as the prevailing party on her due process claim under 42 U.S.C. § 1988. The district court awarded Miller costs but denied her an award of attorney fees, concluding that her "reference to Section 1983 was strictly gratuitous." Miller appealed the district court's order.

## II.

### STANDARD OF REVIEW

■ Generally, awards of attorney fees pursuant to 42 U.S.C. § 1988 are reviewed under an abuse of discretion standard. *Shields v. Martin*, 109 Idaho 132, 141, 706 P.2d 21, 30 (1985). "Any elements of legal analysis which figure in the district court's decision are, however, subject to de novo review." *Corder v. Brown*, 25 F.3d 833, 836 (9th Cir.1994).

## III.

### MILLER IS ENTITLED TO SEEK ATTORNEY FEES FOR A DUE PROCESS CLAIM MADE PURSUANT TO 42 U.S.C. § 1983.

■ There is no dispute that Miller had renewable contract status and liberty and property interests in her employment under federal and Idaho law. *See Bowler v. Board of Trustees of Sch. Dist. No. 392, Shoshone County, Mullan*, 101 Idaho 537, 541, 617 P.2d 841, 845 (1980); *Ferguson v. Board of Trustees of Bonner County Sch. Dist. No. 82*, 98 Idaho 359, 364, 564 P.2d 971, 976 (1977). Due process claims are appropriately made under § 1983. *Harkness v. City of Burley*, 110 Idaho 353, 355, 715 P.2d 1283, 1285 (1986); *Thompson v. City of Idaho Falls*, 126 Idaho 587, 592, 887 P.2d 1094, 1099 (Ct.App. 1994). Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A party who prevails on a civil rights claim under § 1983 is entitled to seek recovery of attorney fees under § 1988. 42 U.S.C. § 1988(b); *see, e.g., Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *Lubcke v. Boise City/Ada County Hous. Auth.*, 124 Idaho 450, 468, 860 P.2d 653, 671 (1993). Section 1988(b) provides in relevant part: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

Miller's complaint alleged a claim to protect her due process rights under § 1983 through injunctive relief. *See Gibson v. Berryhill*, 411 U.S. 564, 569–70, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); *International Prisoners' Union v. Rizzo*, 356 F.Supp. 806, 810 (E.D.Pa.1973) ("[I]njunctive relief is available under Section 1983."). Miller obtained an injunction against the School District from utilizing the School District Attorneys in the discharge proceedings because of their involvement in the bias action. Despite pre-

388

vailing on the issue she presented, the district court denied Miller attorney fees under § 1988, stating that it did not analyze the case under § 1983 but considered it a case for injunctive relief under Rule 65 of the Idaho Rules of Civil Procedure on the question of whether there was a conflict of interest warranting disqualification of counsel.

## A. Standing

■ At the threshold the School District claims that Miller suffered no injury and therefore has no standing under 42 U.S.C. § 1983. The School District argues that the fact Miller obtained a permanent injunction is not dispositive on the issue of whether she was the prevailing party under §§ 1983 and 1988, maintaining that the mere appearance of impropriety of the School District Attorneys appearing before the Board does not meet the requirement of injury in fact in order to have standing under § 1983.

Given that Miller's § 1983 claim for injunctive relief arose out of a procedural due process issue concerning her discharge hearing, the correct legal framework in which to analyze her "injury" is found in *Johnson v. Bonner County School District No. 82*, 126 Idaho 490, 887 P.2d 35 (1994) and *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973). Relying in part on *Gibson*, the Court in *Johnson* stated that a trial court may enjoin a biased decision maker from conducting a due process hearing.

In *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), optometrists who worked for professional corporations sought to prevent an allegedly biased state licensing board from revoking their licenses. The board, composed by law exclusively of private optometrists, had previously brought a lawsuit against those whose licenses they proposed to revoke on virtually identical charges to those that were the basis for the proposed revocation. In addition, there was a serious question of the board's personal financial stake in the matter in controversy. The Supreme Court affirmed the three-judge district court's authority to issue an injunction against the state administrative proceeding where the optometrists whose licenses

were at issue had a property interest in their right to practice their profession. In doing so, the Court said:

> For the District Court, the inquiry was not whether the Board members were "actually biased but whether, in the natural course of events, *there is an indication of a possible temptation to an average [person] sitting as a judge to try the case with bias for or against any issue presented to [the person]*."

*Johnson*, 126 Idaho at 493–94, 887 P.2d at 38–39 (citing and quoting *Gibson*, 411 U.S. at 571, 93 S.Ct. 1689) (emphasis added).

■ Granting an injunction is within the sound discretion of the district court. *Harris v. Preston–Whitney Irrigation Co.*, 92 Idaho 398, 401, 443 P.2d 482, 485 (1968). "'The object of injunctive relief is to prevent injury, threatened and probable to result, unless interrupted.'" *Cazier v. Economy Cash Stores, Inc.*, 71 Idaho 178, 187, 228 P.2d 436, 441 (1951) (quoting *Lanahan v. John Kissel & Son*, 135 F. 899, 903 (E.D.N.Y. 1905)). Threatened or imminent injury is sufficient to make a claim under § 1983. *See Gibson*, 411 U.S. at 569–70, 93 S.Ct. 1689 (plaintiffs brought suit under § 1983 for injunctive relief to prevent imminent due process injury); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (to invoke jurisdiction of federal courts, plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury). District courts are required to issue injunctions only where irreparable injury is actually threatened. *O'Boskey v. First Fed. Sav. & Loan Ass'n of Boise*, 112 Idaho 1002, 1007, 739 P.2d 301, 306 (1987). In order for the district court to have issued an injunction, a real threat to Miller must have been imminent. The School District has not appealed the issuance of the injunction.

In evaluating Miller's request for injunctive relief the district court correctly perceived that the request should be analyzed under *Johnson*. As the *Johnson* court explained, to obtain injunctive relief there must be a "showing that there is a probability that a decisionmaker in a due process hearing will decide unfairly any issue presented in the

hearing." *Johnson*, 126 Idaho at 494, 887 P.2d at 39. The district court stated that "there exists in the present case the appearance of impropriety and the possibility of conscious, or even unconscious, bias on the part of the board in favor of the attorneys who represented them in a prior proceeding." It is clear Miller had standing to make a claim pursuant to § 1983 in the district court and has standing in this appeal.

### B. Motion to Disqualify v. Section 1983

 The district court denied the award of attorney fees under 42 U.S.C. § 1988 to Miller though she was able to obtain injunctive relief against the School District. The district court characterized the injunction as a motion to disqualify counsel for a conflict of interest and determined that references made by Miller to § 1983 were strictly gratuitous. However, a review of Miller's request for injunctive relief demonstrates that it was based substantially on procedural due process concerns. Her complaint and memorandum in support of a temporary restraining order are replete with references to due process. The transcript of the hearing on Miller's motion for injunctive relief indicates that constitutional due process was the thrust of her argument. The complaint and the request for injunctive relief were premised on protecting Miller's due process rights. The disqualification of counsel was the vehicle by which to protect those rights. The alternative would have been to seek disqualification of the Board.

In deciding the case the district court discussed whether allowing the School District Attorneys to present the case against her after representing the Board in *Miller I* would create "an appearance of impropriety which violates Miller's due process rights." The district court also discussed *Johnson*, explaining that the case stands for the proposition "that a trial court may enjoin *any imminent violation of due process in such a hearing*," noting that there "exists in the present case the appearance of impropriety and the possibility of conscious, or even unconscious, bias on the part of the board in favor of the attorneys who represented them in a prior proceeding." The district court

quoted *In the Matter of Wilson*, 128 Idaho 161, 167, 911 P.2d 754, 760 (1996), for the proposition that "due process is not a concept rigidly applied to every adversarial confrontation, but instead is a flexible concept calling for such procedural protections as are warranted by the particular situation." The substance of the district court's decision was the protection of Miller's due process right to a fair hearing.

The district court did state that § 1983 was not a factor in its decision by concluding that "relief [was] granted under Rule 65 and not under Section 1983." However, it is clear that the primary concern of the district court was that Miller receive a fair hearing. Barring the participation of the School District Attorneys who had just represented the Board members in the bias action was the appropriate remedy. It was the bias of the Board that was at issue, not a conflict of interest on the part of the lawyers who were prosecuting the case. The School District Attorneys were clearly adversaries who were advocating a position against Miller. It was the possibility that the Board members might be biased in favor of the attorneys who had represented them recently in a proceeding by Miller challenging their fairness that created concerns which the district court addressed by issuing an injunction.

### C. Remand

Section 1988 provides that "the court, in its discretion, may allow the prevailing party ... reasonable attorney's fee[s]" in a § 1983 action. 42 U.S.C. § 1988(b). Miller did prevail on the sole issue presented to the district court which was a claim made pursuant to § 1983. She is eligible for an award of attorney fees pursuant to § 1988. The case is remanded for the district court to consider the award of attorney fees.

### IV.

### CONCLUSION

The decision of the district court denying Miller attorney fees is vacated and the case is remanded for consideration of an award pursuant to 42 U.S.C. § 1988. Miller is allowed costs and attorney fees on appeal.

Chief Justice TROUT, Justices SILAK and WALTERS, and Justice Pro Tem JOHNSON, CONCUR.